## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS TENNY JALLAH,** | : | **CIVIL ACTION NO. 1:10-CV-0726** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. DHS - ICE**, | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

Dennis Tenny Jallah ("Jallah"), presently a detainee of the Bureau of

Immigration and Customs Enforcement ("ICE"), incarcerated at the Lackawanna

County Prison, Scranton, Pennsylvania, filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. §2241 on April 6, 2010.  (Doc. 1).  I have undertaken

preliminary review of the petition,  see R. GOVERNING § 2254 CASES R.1(b)

(applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and,

for the reasons set forth below, will refer the petition to ICE as a request for review

under 8 C.F.R. § 241.13.

## I.     Statement of Facts

Jallah, a native and citizen of Liberia, is subject to a final order of removal

from the United States dated April 23, 2009.  (Doc. 1 at 2.)  No appeals were

pursued.  (Id.)  He indicates that he has been in ICE custody in excess of a year

without a custody review.  He filed the instant petition arguing that "[t]here is no

significant likelihood of the petitioner being removed from the United States within

the reasonably foreseeable future" and seeks the "same opportunity for due process rights and equal protection rights as there are given to other people in similar or same situation as this particular petitioner." (Doc. 1, at 8.)

## II.    Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231.  Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231.  At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & ( 6).  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six-month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on April 23, 2009, the date the removal order became administratively final. The six month period has expired and ICE has failed to

3

remove Jallah.  All indications are that jurisdiction to make a determination

concerning his custody would now lie with the HQPDU.  It does not appear that he

filed a written request for release with the HQPDU.  Consequently, ICE will be

ordered to treat the petition as a request for release under 8 C.F.R. §241.13.

An appropriate order accompanies this memorandum.


　　　　　　　　　　　　　　　　　　 S/ Christopher C. Conner
　　　　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　　　United States District Judge



Dated:　　　April 26, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **DENNIS TENNY JALLAH**, | : | **CIVIL ACTION NO. 1:10-CV-0726** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. DHS - ICE**, | : | |
| | : | |
| **Respondent** | : | |

## <u>ORDER</u>

AND NOW, this 26th day of April, 2010, upon consideration of the petition for

writ of habeas corpus (Doc. 1), and in accordance with the accompanying

memorandum, it is hereby ORDERED that:

1.   The petition for writ of habeas corpus is DENIED.

2.   As of the date of this order, ICE shall treat the petition for writ of
     habeas corpus as a request for release under 8 C.F.R. § 241.13.  ICE
     shall provide petitioner with a response to his request within thirty
     days.

3.   The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge